1  **HOGAN LOVELLS US LLP**
   Michael M. Maddigan (SBN 163450)
2  Gabriel R. Ulman (SBN 307806)
3  1999 Avenue of the Stars, Suite 1400
   Los Angeles, California  90067
4  Telephone:  (310) 785-4600
   Facsimile:   (310) 785-4601
5  michael.maddigan@hoganlovells.com
   gabriel.ulman@hoganlovells.com
6
7  Attorneys for Plaintiff
   TACTICAL AIR SUPPORT, INC.
8
9  **TROUTMAN PEPPER HAMILTON SANDERS LLP**
   Alan J. Kessel (State Bar No. 130707)
10 Matthew H. Ladner (State Bar No. 284594)
   5 Park Plaza, Suite 1400
11 Irvine, California  92614
   Telephone:  949.622.2700
12 Facsimile:   949.622.2739
   Email:  alan.kessel@troutman.com
13 Email:  matthew.ladner@troutman.com
14
   Attorneys for Defendant
15 XSENS NORTH AMERICA, INC.
16
                  **UNITED STATES DISTRICT COURT**
17
       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
18

| | |
|---|---|
| TACTICAL AIR SUPPORT, INC., a Nevada corporation, | Case No. 2:20-CV-02851-TJH-JC |
| Plaintiff, | District Judge:   The Honorable Terry J. Hatter, Jr. |
| v. | Magistrate Judge:  The Honorable Jacqueline Chooljian |
| XSENS NORTH AMERICA, INC., a Delaware corporation, and DOES 1 through 10, inclusive, | **MODIFIED ORDER GRANTING MODIFIED VERSION OF STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL AND HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION AND MATERIALS** |
| Defendants. | |

19
20
21
22
23
24
25
26
27
28

#125818577v1

1         The Court, having considered the Stipulated Protective Order Governing

2    Confidential and Highly Confidential—Attorneys' Eyes Only Information and

3    Materials (the "**Protective Order**") filed by Plaintiff Tactical Air Support, Inc. and

4    Defendant Xsens North America, Inc., and good cause appearing therefor, hereby

5    GRANTS the Protective Order AS MODIFIED below:

6         1.  Paragraph I.e. – which defines "Receiving Party" -- is modified to read as

7    follows: **"Receiving Party"** shall mean a Party or non-party that receives Disclosure

8    or Discovery Materials from a Producing Party in the Action, but does not include

9    the Court/court personnel.

10        2.  Paragraph III.1. is modified to read as follows:  "The protections conferred

11   by this Protective Order shall govern the dissemination, use and maintenance of any

12   and all Protected Material, and shall apply to any and all manner and means of

13   discovery, including all written and oral discovery permitted under the Federal Rules

14   of Civil Procedure and interpretative law, as well as to any and all deposition

15   testimony, conversations, and presentations by a Party or its Counsel, other than

16   during a court hearing or at trial.  Any use of Protected Material during a court hearing

17   or at trial shall be governed by the orders of the presiding judge.  Except as set forth

18   in Paragraph VIII, this Order does not govern the use of Protected Material during a

19   court hearing or at trial."

20        3.  Paragraph IV.1.(a) is modified to omit "or other pretrial or trial proceedings

21   addressed in Section VI(1)(b), below[.]"[1]

22        4.  Paragraph IV.1.(c) is modified to omit "or other pretrial or trial

23   proceeding" (page 5, lines 17-18), "or other proceeding" (page 5, line 20; page 6,

24   lines 3-4,; page 6, line 7; page 6, lines 10-11), and "or proceeding" (page 5, line 24).

25        5.  The second/last paragraph of Paragraph V is modified to read as follows:

26   "In the event that any Party files a Joint Stipulation and Motion under this Section,

27

---

28        [1]There is no "Section VI(1)(b)" in the Protective Order.

1  the parties may seek to have the designated information or material in dispute

2  submitted to the Court for under seal or *in camera* inspection in accordance with C.D.

3  Cal. L.R. 79-5 and/or 79-6 as applicable."

4       6.   Paragraph XII.3. is modified to read as follows:   "<u>No Probative Value</u>

5  Absent a stipulation of the Parties or Court Order, the Parties agree that they will not

6  seek to admit during the trial of the Action the fact that information has been

7  designated as Protected Material under this Protective Order or seek to have any jury

8  be advised of such designation.  The fact that any Protected Material is disclosed,

9  used, or produced in discovery or at trial in the Action shall not be construed by the

10  Parties to be, or offered by the Parties in any action or proceedings before any court,

11  agency, or tribunal as, evidence that the Protected Material is or is not (i) relevant,

12  material, or otherwise admissible; (ii) confidential to any Party; or (iii) entitled to any

13  particular protection."

14       **IT IS SO ORDERED AS MODIFIED**.

15

16  Date: May 4, 2022                         _____/s/_____

17                                                      The Honorable Jacqueline Chooljian
                                                         United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28

#125818577v1                                              2

**[PROPOSED] ORDER GRANTING STIPULATED PROTECTIVE ORDER**